[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed June 9, 1998, petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the action is dismissed.
The petition alleges that on March 12, 1997, petitioner received a three-year sentence for a violation of Connecticut General Statutes § 21a-279a for illegal possession of a narcotic substance and that he remains illegally confined under this sentence. Petitioner has set forth his claim in two counts. The gist of both counts of the petition is that the Commissioner of CT Page 23 Correction has failed to credit petitioner with 290 days of good time under an illegal interpretation of Public Act 93-219, now General Statutes § 18-100d.
General Statutes § 18-100d provides as follows:
 Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced.
In Velez v. Commissioner of Correction, 250 Conn. 536 (1999), the Supreme Court held that in light of its language and legislative history, § 18-100d renders the good time statutes inapplicable to persons, like the petitioner, sentenced to terms of imprisonment for crimes committed on or after October 1, 1994.
Accordingly, it must be concluded that the petitioner is not legally entitled to the good time sentence reduction claimed in the petition and the petition must be dismissed.
Joseph J. Purtill Judge Trial Referee